UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Everette Atkinson, | ) C/A No. 9:09-3219-TLW-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Darlene Drew, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a federal prison inmate. Petitioner contends that following his guilty plea in 2005 to certain drug and firearm-related charges in the Eastern District of North Carolina (sentencing court) he incorrectly received a "career offender" sentencing enhancement under Federal Sentencing Guidelines § 4B1.1 because one of the crimes used to support the enhancement: a 1990 North Carolina conviction for "assault on a female," does not meet the current standard for a "violent felony." He cites to *United States v. Begay*, 553 U.S. 137 (2008), claiming that he is "actually innocent" of being a "career criminal" based on language in *Begay* about what constitutes "violent crimes" and/or "a crime of violence" for purposes of sentencing enhancement.[1] Petitioner does not assert any type of actual innocence claim with respect to his underlying convictions for conspiracy to possess and distribute marijuana or felon in possession of a firearm.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28

---

[1] Petitioner asserts that *Begay* requires the vacation and re-consideration of his sentence even though *Begay* was not decided until three years after his sentencing and has not been held to have retroactive effect. *See United States v. Holt*, Nos. 09-cv-708-bbc, 05-cr-49-bbc, 2009 WL 4891835 (W.D. Wisc. Dec. 10, 2009)(*Begay* addresses statutory interpretation and does not establish any new rule of constitutional law, and also may not be applied retroactively in a § 2255 motion to collaterally attack a three year-old sentence). There does not appear to be any binding authority from the Fourth Circuit Court of Appeals or United States Supreme Court addressing the retroactivity issue.



U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The docket of his criminal case in the sentencing court (*United States v. Atkinson*, Case no. 5:05-cr-0009-FL) discloses that Petitioner did not file a direct appeal from his convictions and sentences, nor did he file a Motion to Vacate pursuant to 28 U.S.C. § 2255 within one year from the time his convictions became final. Petitioner did submit several post-sentencing letters to the court, resulting in an Order dated January 28, 2009, that informed all interested persons that a motion under Federal Rule of Criminal Procedure 35(b)(2) to reduce a sentence for substantial assistance must be filed by the prosecutor. Three months later, Petitioner unsuccessfully moved the sentencing court for the appointment of legal counsel, but did not say why he wanted counsel appointed. The sentencing court's denial of that motion on May 21, 2009, is the final entry on the docket of Petitioner's criminal case. *See St. Louis Baptist Temple,*



2

*Inc. v. FDIC.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); *U. S. ex rel. Geisler v. Walters*, 510 F.2d 887 (3rd Cir. 1975)(same); *Rhodes v. Houston*, 309 F.2d 959 (8th Cir. 1963)(same).

Petitioner's attempt to now raise a Writ of Habeas Corpus under § 2241 in this case should be denied because Petitioner's claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not otherwise shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Hence, by filing this § 2241 Petition and claiming "actual innocence" without first presenting his claim of underlying invalidity of his sentence to the appropriate appellate court, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims. This attempted bypass of the statutes' gatekeeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, in 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas



petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits); *see Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the propriety of the sentencing enhancement he received clearly go to the underlying validity of his sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.[2] *See In re Vial*, 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999)(same). To possibly meet this requirement, Petitioner asserts that the § 2255 remedy is inadequate or ineffective because his challenge is not jurisdictional or constitutional in nature, but, instead, is based on the sentencing court's technical application of the sentencing guidelines. He claims that he is foreclosed from asserting such challenges by way of § 2255, citing to *United States v. Goines*, 357 F. 3d 469, 477 (4th Cir. 2004)(§ 2255 motion generally not for guidelines calculation errors in absence of miscarriage of justice/exceptional circumstances; § 3582(c)(2) motion is best for raising retroactive guidelines clarifying amendment), *United States v. Mikalajunas*, 186 F. 3d 490 (4th Cir. 1999)("ordinary misapplication of the guidelines"(enhancing

---

[2]Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners, as Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).


petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits); *see Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the propriety of the sentencing enhancement he received clearly go to the underlying validity of his sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.[2] *See In re Vial*, 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999)(same). To possibly meet this requirement, Petitioner asserts that the § 2255 remedy is inadequate or ineffective because his challenge is not jurisdictional or constitutional in nature, but, instead, is based on the sentencing court's technical application of the sentencing guidelines. He claims that he is foreclosed from asserting such challenges by way of § 2255, citing to *United States v. Goines*, 357 F. 3d 469, 477 (4th Cir. 2004)(§ 2255 motion generally not for guidelines calculation errors in absence of miscarriage of justice/exceptional circumstances; § 3582(c)(2) motion is best for raising retroactive guidelines clarifying amendment), *United States v. Mikalajunas*, 186 F. 3d 490 (4th Cir. 1999)("ordinary misapplication of the guidelines"(enhancing

---

[2]Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners, as Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).



sentence for restraint of victim) does not "typically" result in a miscarriage of justice requiring § 2255 relief; however, the claim was considered via a § 2255 motion), and *United States v. Pregent*, 190 F. 3d 279 (4th Cir. 1999)(§ 3582(c)(2) motion raising guidelines calculation error considered under § 2255, but found non-exceptional case and denied).

Petitioner reads *Goines*, *Mikalajunas*, and *Pregent* too broadly and takes some of the court's language in those cases out-of-context. In fact, a similar assertion for application of the § 2255 "savings clause" was thoroughly considered and rejected by one of our sister courts in this circuit – albeit in unpublished opinions – in the cases of *Boone v. Hickey*, No. Civ.A.1:04-1143, 2005 WL 2405940 (S.D.W. Va. Sept. 29, 2005)(rejecting a § 2241 petition claiming inadequacy and ineffectiveness of § 2255 due to *Pregent's* alleged prohibition of sentencing guidelines challenges), *aff'd* 161 Fed. Appx. 279 (4th Cir. 2006). A second sister court also considered the impact of *Mikalajunas* and *Pregent* in the § 2255 context and determined that neither case forecloses all challenges to the sentencing in the § 2255 context; they just set a higher burden for the movant to satisfy when such challenges are asserted. *Mustapha v. United States*, No.CRIM.A.302CR096JRS, 2005 WL 1667682 (E.D. Va. June 10, 2005)(distinguishing *Pregent* and *Mikalajunas* and considering sentencing guidelines claim in a § 2255 motion where the petitioner's challenge was to fact-finding by sentencing court, not just calculation error, and ineffective assistance could be raised for lack of direct appeal), *aff'd*, 164 Fed. Appx. 431 (4th Cir. 2006), *cert. denied*, 549 U.S. 1151 (2007).

In the *Boone* case, the Southern District of West Virginia rejected a claim that *Pregent*'s holding meant that no sentencing guidelines errors can be raised in § 2255 motions, stating,

> The petitioner argues that § 2255 is inadequate, citing *United States v. Pregent*, 190 F.3d 279 (4th Cir.1999). . . . *That case, however, does not stand for the proposition that motions attacking sentencing guidelines should be brought under § 2241. Rather, that case construed an 18 U.S.C. § 3583 motion as a § 2255 motion exactly because that was the*



5

> *proper procedural mechanism to attack a sentencing.* See *Pregent*, 190 F.3d at 283. That the Fourth Circuit Court of Appeals ultimately found against Pregent's converted § 2255, does not make those petitions inadequate or ineffective. *Instead, it stands for the proposition that those petitions will be granted only in exceptional circumstances.*

2005 WL 2405940, * 2 (emphasis added).

In *Mustapha*, the court stated,

> Errors by the sentencing court should have been raised on direct appeal; these include whether the Court sentenced petitioner in violation of the plea agreement or based on insufficient evidence. Failure to raise the issue on direct appeal is considered a procedural default. *However, procedurally defaulted claims are not barred per se.* "In order to proceed on a § 2255 motion 'based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." ' *Maybeck*, 23 F.3d at 891 (quoting *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Within the Fourth Circuit, the *Frady* standard applies to collateral challenges to unappealed guilty pleas. See *Maybeck*, 23 F.3d at 892. To establish cause in order to excuse a procedural default, petitioner must point to something external "such as the novelty of the claim or the denial of the effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir.1999).

2005 WL 1667682, * 5-6 (emphasis added)(footnote omitted).

Thus, even though *Mikalajunas* was cited by the Eastern District of Virginia in the § 2255 context, it was not recognized as stating a rule totally foreclosing consideration of sentencing challenges in § 2255 motions, as Petitioner proposes to this Court. Both *Goines* and *Mikalajunas* essentially restate the same theory or rule stated in *Pregent* and found unavailing in the §§ 2241/2255 savings clause context by *Boone* and in the § 2255 context in *Mustapha,* and none of these three cases stand for the proposition asserted by Petitioner, *i.e.*, that sentencing guidelines errors can *never* be considered under § 2255. Instead, they only limit *successful* § 2255 motions in which sentencing guidelines claims are raised to those where the movant shows that the sentence he/she received results in a miscarriage of justice or was unconstitutional because based on ineffective assistance of counsel, etc. See *Watkins v. Driver*, No. 2:06cv42, 2007 WL



6

5131715 (N.D. W. Va. Sept. 20, 2007)(where assertion was "actual innocence" of a base sentence calculation, fact that issue was not raised via direct appeal or by § 2255 did not make the remedy ineffective or inadequate or permit relief under § 2241 for "actual innocence"), *aff'd*, 260 Fed. Appx. 567 (4th Cir. 2007), *cert. denied*, 128 S.Ct. 2521 (2008).

Since Petitioner is/was not completely precluded from asserting his sentencing claim under § 2255, but, instead, would merely have a fairly stringent "miscarriage of justice" burden to carry in order to be successful on the motion, he cannot say that the § 2255 remedy is inadequate or ineffective. It is settled in this circuit that the possibility that a § 2255 motion filed by a Petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). *In Re Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases). Accordingly, it is clear in this case that Petitioner's reliance on *Goines*, *Mikalajunas*, and *Pregent* cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate and, thus, he may not bring his *Begay*-based "actual innocence" claim under § 2241.

This determination is supported by several federal cases from other districts within the Fourth Circuit and from outside this circuit, and one from this Court that have considered closely similar allegations from other prisoners seeking to use *Begay* to collaterally attack sentences imposed prior to the issuance of that opinion. Each of the following cases have rejected such claims and have refused to permit the use of § 2241 for consideration of the propriety of sentences. *See, e.g., Mackey v. United States*, Nos. 08-23431-CIV, 03-20715-CR, 2009 WL 2407666 (S.D. Fla. Aug. 4, 2009)(Because *Begay* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of the Petitioner's activities,



7

it cannot be a basis for an argument that the § 2255 remedy is inadequate or ineffective; § 2241 cannot be used to raise a *Begay* claim); *Harvey v. Sherrod*, NO. 08-CV-613-DRH, 2009 WL 2231718 (S.D. Ill. Jul 27, 2009)(no "actual innocence" § 2241 claim under *Begay*; opinion only one of "statutory construction," not a new constitutional rule and § 2255 not ineffective or inadequate); *United States v. Gilbert*, No. 8:99-CV-2054-T-30TGW, 2009 WL 981918 (M.D. Fla. Apr. 13, 2009)(same as *Mackey*); *James v. Stansberry*, No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009)(§ 2241 actual innocence claim under *Begay* is really a successive § 2255 motion; no § 2241 jurisdiction), aff'd, _ Fed. Appx. _, 2009 WL 2757891 (4th Cir. 2009), *cert. filed* No. 09-8395 (Nov. 24, 2009). Additionally, at least one case from this Court has rejected an attempted actual innocence claim based on *Begay*. *See Brown v. Rivera*, No. 9:08-CV-3177, 2009 WL 960212 (D.S.C. April 07, 2009 ("actual innocence" claim based on 11th Circuit case based on *Begay* not cognizable under § 2241).

Additionally, under the facts shown in this case, Petitioner cannot, in good faith, claim that the § 2255 remedy is "inadequate or ineffective" in his case because he is unable to file a belated § 2255 motion with the sentencing court to properly raise the issues of sentence invalidity he seeks to raise in this Petition. This is true because, according to the docket of his criminal case, Petitioner never even submitted an untimely § 2255 motion raising his sentencing challenge to the sentencing court to permit that court to consider whether equitable tolling could save the motion. Additionally, it does not appear from the docket of his criminal case that Petitioner ever filed a motion under 18 U.S.C. § 3582(c), even though the *Goines* case proposed that statute as a "third" remedy (in addition to direct appeal and § 2255) for sentencing guidelines errors. *See* 357 F. 3d at 476. Furthermore, nothing in the Petition or on the sentencing court's docket shows any attempt by Petitioner to petition the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244 or otherwise, to consider whether he should be permitted to file either a belated direct appeal



8

or a § 2255 motion. This Court cannot overrule the Eastern District of North Carolina's sentencing decisions, and Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered in the proper forum indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA.

Finally, even if Petitioner's "inadequate/ineffective" argument had merit and permitted Petitioner to raise his sentencing claim in a § 2241 petition pursuant to the § 2255 savings clause, his claim that he "was/is actually innocent" of the enhanced sentence he received because one of the predicate convictions used to support his sentencing enhancement can no longer be considered "violent" under *Begay*'s definition does not require this Court to consider the merits of his Petition. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. U. S.*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motion(s) they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. "Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). However, Petitioner's actual innocence claim is facially inadequate to require consideration because he does not allege that there is any new, reliable evidence of any



9

type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charges on which he was convicted in the sentencing court or elsewhere. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. U. S.*, No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000)(unpublished opinion, text available on Westlaw)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

  Petitioner does not claim that he is actually innocent of either the underlying drug/firearm-related crimes to which he pled guilty or of the predicate crime of "assault on a female" used to enhance his sentence; nor does he claim that *Begay* made the conduct of assaulting a female no longer criminal. *Cf. In re Jones*, 226 F. 3d at 334 (citing, *inter alia*, *In re Dorsainville*, 119 F. 3d 245, 249-51 (3d Cir. 1997) to permit use of § 2241 to raise actual innocence claim where subsequent change in law made conduct no longer criminal). Instead, he claims only that he is innocent of his enhanced sentence because one of the predicate crimes used to support it can no longer be considered "violent" under the *Begay* standards. Similar *Begay*-based claims of actual innocence of an enhanced sentence were recently considered and rejected by several district courts in the cases previously cited: *Harvey*; *James*; *Brown*. Additionally, an analogous claim based on sentencing effects of a different United States Supreme Court case was rejected by this Court in *Chisholm v. Pettiford*, No. 6:06-2032-PMD, 2006 WL 2707320 (D. S.C. Sept. 18, 2006). The Court in *Chisholm* rejected the actual innocence claim of a federal prisoner made in a petition filed pursuant to 28 U.S.C. § 2241, and relied, in part, on a prior case from this Court, *Davis v. United States*, No. 8:05-



2778GRA, 2006 WL 89505, at *6 (D. S.C. Jan.12, 2006). The *Davis* case relied, in part, on a case decided by the Fifth Circuit Court of Appeals in 2000: *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000). With regard to a similar claim of enhanced sentencing actual innocence made by a federal prisoner housed in Texas in a § 2241 petition, the *Kinder* court stated,

> Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. . . . . Kinder's argument that he is actually innocent of being a career offender . . . , however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). . . . Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. . . . Thus, in each case, the petitioner could claim he was actually innocent of the crime of which he was convicted. In contrast, Kinder argues that . . . his conviction of conspiracy cannot support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.

222 F.3d at 213-14 (citations and footnotes omitted).

In sum, as in *Kinder*, *Davis*, and *Chisholm*, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence – not of the underlying criminal conviction or even of the predicate crime used for the sentencing-- based on alleged inadequacy of the evidence relied on by the sentencing court to impose the sentence. There is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of any of Petitioner's criminal convictions. As a result, based on the case law cited above, the facial inadequacy of the Petition now under consideration requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).



11

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

February 11, 2010
Charleston, South Carolina

12



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



13